# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. LIPINSKI, | Civil Action No. 2: 14-cv-0813 |
| Petitioner, | |
| v. | United States Magistrate Judge<br>Cynthia Reed Eddy |
| JON FISHER, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | |
| Respondents. | |

## MEMORANDUM OPINION[1]

Petitioner, Michael R. Lipinski, is a state prisoner currently confined at the State Correctional Institution at Huntingdon, Pennsylvania. He seeks a writ of habeas corpus, *pro se*, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition will be denied.

**I.** **Procedural History**

On May 15, 2008, Lipinski appeared before the Honorable Jeffrey A. Manning, Court of Common Pleas of Allegheny County, Criminal Division, waived his right to a jury trial, and immediately proceeded to a bench trial. At the conclusion of the bench trial, Lipinski was convicted of one count of Unlawful Restraint and sexual assault. Lipinski was sentenced to not less than forty-eight (48) months nor more than one hundred and twenty (120) months at the sexual assault count and no further penalty at the Unlawful Restraint count. The Superior Court

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 4 and 7.

1

of Pennsylvania affirmed the judgment of sentence on March 30, 2010. The Supreme Court of Pennsylvania denied further review on January 15, 2011.

On April 18, 2011, Lipinski filed, *pro se*, a request for post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 – 9546. On July 13, 2013, appointed counsel filed a No Merit Letter and a Motion to Withdraw. On August 26, 2013, the PCRA court, again Judge Manning, issued a Notice of Intention to Dismiss and granted counsel's motion to withdraw. In response, Lipinski filed a *pro se* Response Pursuant to Pa.R.Crim. 907. On September 24, 2013, Judge Manning dismissed the petition.

On October 23, 2013, Lipinski filed *pro se* a Notice of Appeal. Although ordered to do so by the PCRA court, Lipinski did not file a Concise Statement of Matters Complained of an Appeal ("Concise Statement"). On February 10, 2014, the PRCA court entered an Order to transmit the record to the Superior Court and found that Petitioner's claims were waived on appeal for failure to file a Concise Statement. Lipinski's appeal was docketed in the Superior Court and dismissed on May 8, 2014, for his failure to file a brief. Thereafter, Lipinski filed the present timely petition for writ of habeas corpus.

In the instant petition, Lipinski raises one claim for relief:

> THE TRIAL COURT ERRED IN REFUSING TO CONSIDER FOR SUBSTANTIVE PURPOSES TESTIMONY BY THE SOLE DEFENSE WITNESS AND THE SUPERIOR COURT AND SUPREME COURTS DECISION IS INCONSISTENT WITH STATE AND FEDERAL LAW GOVERNING THIS ISSUE.

Petition, at ¶ 12 (ECF No. 1). It appears that Lipinski is reasserting the constitutional arguments made on his behalf on direct appeal:

> In not considering the sum and substance of Johnson's testimony for its truth and substantive value, the Trial Court committed prejudicial error. Mr. Lipinski's

2

> fundamental constitutional rights to defend himself and remain silent were violated.
>
> * * *
>
> Even assuming arguendo that the sum and substance of Johnson's testimony was not within the state-of-mind hearsay exception, the Fourteenth Amendment Due Process Clause requires that such testimony still be considered for its truth and substantive value.

Appellant's Superior Court Brief at 11-12 (ECF No. 5-3).

**II.    Standard of Review**

A state prisoner is entitled to federal habeas relief only if he is held "in custody in violation of the Constitution, or laws, or treaties of the United States." 28 U.S.C. § 2254(a). Insofar as a petitioner simply challenges the correctness of the conviction under Pennsylvania law, however, he alleges no deprivation of federal rights and may not obtain habeas relief. *Pulley v. Harris,* 465 U.S. 37, 41 (1984). It has long been understood that a state may violate its own law without violating the Constitution. *Garner v. Louisiana,* 368 U.S. 157, 166 (1961). "This court will not treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Gryger v. Burke,* 334 U.S. 728, 731 (1948). To receive review of what otherwise amounts to nothing more than an error of state law, a petitioner must argue not that it is wrong, but that it is *so* wrong, so surprising, that the error violates principles of due process.

The finding of a constitutional error on habeas review, however, does not require the granting of a habeas petition. Rather, before granting habeas relief, the court must conduct a harmless error analysis to determine if the constitutional violation had a "substantial and injurious effect" on the fairness of the trial. *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). This requires the petitioner to establish that

the constitutional error resulted in actual prejudice. *Brecht*, 507 U.S. at 637 (citing *United States v. Lane,* 474 U.S. 438, 449 (1986)). A finding of actual prejudice is appropriate when there is "grave doubt" about whether the error influenced the jury's decision, or where the evidence as to whether the constitutional error is harmless is in "virtual equipoise." *See Bond v. Beard*, 539 F.3d 256, 276 (3d Cir. 2008) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). "If, when all is said and done, the court's conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand." *Adamson v. Cathel*, 633 F.3d 248, 260 (3d Cir. 2011) (quoting *O'Neal*, 513 U.S. at 437-38). Unlike the determination of a constitutional violation, the harmless error analysis is performed *de novo* by the federal courts. *Bond,* 539 F.3d at 275-7 ("*Fry* instructs us to perform our own harmless error analysis under *Brecht* . . . , rather than review the state court's harmless error analysis under the AEDPA standard.") (citing *Fry,* 551 U.S. at 121).

With this rationale in mind, the Court turns to the issue currently before it.

**III. Discussion**

The facts of this case are fairly straight forward:

> According to the victim, the defendant picked her up and offered her a ride. He took her to a secluded area, forced her to strip and to engage in sexual acts. The victim managed to run away from the area and police were summoned by other witnesses who encountered the victim, who was still naked. The defendant claimed that the sexual acts were consensual.

*Commonwealth v. Lipinski*, CC No.: 200613965, slip opinion (CCP Feb. 9, 2009) (ECF No. 5-2). The issue before the Court is fairly straight forward as well. Resolution of this claim turns on whether the ruling to allow the defense's sole witness's testimony as admissible only for

impeachment purposes, and not for its sum and substance, was a violation of Lipinski's constitutional rights.[2]

On cross examination, the following exchange occurred between defense counsel and the victim:

> DEFENSE COUNSEL: Okay. At any time up to the point you were at the apartment complex, was there any discussion between you and Mr. Lipinski about you perhaps dancing for money?
>
> WITNESS: At work?
>
> DEFENSE COUNSEL: For him?
>
> WITNESS: No, sir.
>
> DEFENSE COUNSEL: You didn't have that conversation at all?
>
> WITNESS: No, sir. We talked about him coming down to the club where I was going and coming in there. That's it.
>
> * * *
>
> DEFENSE COUNSEL: So you're telling me you don't remember any conversation at this time, but that you - - you're telling the court you don't remember any specific discussion about him paying you money for you to dance for him or maybe have sex with him?
>
> WITNESS: I'm telling the Court we never talked about his paying for sex at all or paying me for dancing, unless he was at the club where I was going.

N.T., 5/15/2008, at 42-43, 44.

The defense called one witness, Lance Johnson, a friend of Lipinski's who was in the car with Lipinski and the victim for about fifteen to twenty minutes. Lipinski contends that the

---

[2] In rejecting the claim on direct review, the Superior Court stated it had "thoroughly considered Lipinski's allegations of error and reviewed the cases cited in the brief; none of these cases / allegations cause us to find a clear abuse of error of discretion by the trial court. Accordingly, we conclude that Lipinski's issue lacks merit." Superior Court Memorandum, March 30, 2010, at 9 (ECF No. 5-7). The Superior Court's decision fairly appears to rest primarily on state law, although federal constitutional law arguments were raised by counsel for Lipinski. Therefore, in an abundance of caution and giving Petitioner the benefit of any doubt, this Court will proceed to review *de novo* his constitutional claims.

trial court erred when he failed to consider for substantive purposes the testimony by Johnson regarding a conversation he overheard between the victim and Petitioner in which the two discussed the victim dancing or performing sex for money. The relevant testimony and ruling is set out below:

> DEFENSE COUNSEL: Do you recall hearing any discussion between Mr. Lipinski and [the victim] regarding the payment of money to dance privately or to perform sex?
>
> WITNESS: Yes, sir.
>
> DEFENSE COUNSEL: Now, you were taken to your car, right?
>
> WITNESS: Yes.
>
> DEFENSE COUNSEL: So in other words, if you overheard this discussion, were you going to be a participant in any of this?
>
> WITNESS: No, sir.
>
> DEFENSE COUNSEL: If you recall, why was it that you were taken to your car? Why didn't you stay and participate?
>
> WITNESS: She didn't want two people for what they were about to do to. Just her and him.
>
> DEFENSE COUNSEL: So basically you were the odd man out; right?
>
> WITNESS: Yes.
>
> DEFENSE COUNSEL: Do you remember specifically the conversation and who said what?
>
>> THE COURT: How does this get into evidence?
>>
>> DEFENSE COUNSEL: Your Honor, this is the conversation that took place.
>>
>> * * *
>>
>> DEFENSE COUNSEL: The conversation goes to her [victim's] state of mind.

> THE COURT: No. What you're doing is attempting to put your client's own statement out of hearsay.
>
> DEFENSE COUNSEL: It goes to her credibility. She denied [that] any of these conversations took place. I have a witness here who can testify.
>
> THE COURT: Then it's admitted for the sole and limited purpose that it may impeach something she may or may not have said. It's not admissible for substantive purposes because it's not reported verbatim or otherwise.
>
> DEFENSE COUNSEL: I understand.
>
> DEFENSE COUNSEL: Sir, you do recall a specific conversation on this issue, right?
>
> WITNESS: Yes.
>
> DEFENSE COUNSEL: Did you hear [the victim] earlier testify there was no conversation regarding this issue.
>
> WITNESS: Yes.
>
> DEFENSE COUNSEL: Is that wrong?
>
> WITNESS: That is.
>
> DEFENSE COUNSEL: Yes?
>
> WITNESS: That is wrong.

N.T., 5/15/08, at 71-73.

In essence, defense counsel argued that this testimony was within the state-of-mind hearsay exception. The trial court rejected this argument reasoning that the sum and substance of Johnson's testimony was only admissible for impeachment purposes and not admissible for its truth and substantive value due to the Pennsylvania Rape Shield Law, 18 Pa.C.S.A. § 3104(a). Opinion of the Court, Feb. 9, 2009. Lipinski challenges this evidentiary ruling arguing that it was "inconsistent with federal law."

An evidentiary error in a state trial justifies federal habeas corpus relief only if the constitutional violation had a "substantial and injurious effect" on the fairness of the trial. *Fry*, 551 U.S at 121 (quoting *Brecht,* 507 U.S. at 637). As previously discussed, the harmless error analysis is performed *de novo* by the federal courts. *Bond,* 53 F.3d at 275-76.

The Court has carefully reviewed the trial testimony in this case and finds that nothing in the record raises to the level as to violate fundamental fairness. In fact, nothing in the record suggests this evidentiary error, if indeed it is error, rises to that level.

However, assuming the evidentiary ruling was error, the Court finds that the omission of Johnson's testimony for substantive purposes was harmless in light of his testimony being admitted for impeachment purposes.

A review of the trial transcript reflects that the trial judge allowed admission of Johnson's acknowledgement that he did in fact recall hearing a conversation between the victim and Lipinski regarding the payment of money to dance privately or perform sex. The trial court also permitted Lipinski's defense counsel to question Johnson as to why he did not stay in the car with the victim and Lipinski. The trial court heard the divergent testimony of both Johnson and the victim, and as the sole judge of credibility in this bench trial, assessed the weight to be given to the testimony of both witnesses, and found that the victim to be more credible.

Further, although not binding on this Court, the following excerpts from the opinions issued by the trial judge and Superior Court, are illustrative and found to be persuasive. The trial judge explained his decision as follows:

> Evidence that prior to this alleged sexual assault, the victim was willing to strip for the defendant and/or another person was not relevant or probative of the issues presented at the trial. The fact that the victim had engaged in this type of conduct in the past and, according to the defendant's evidence, may have agreed to do so with regard to this defendant, was not relevant to whether the victim

8

> consented to sexual relations with the defendant. . . . Similarly, the defendant's allegation that this victim was willing to strip for hire was not probative of her willingness to then engage in consensual sexual acts with the defendant.

Opinion of the Court, Feb. 9, 2009, at 4 (ECF No. 5-2). Thus, the record is abundantly clear that the trial judge was aware that Lipinski's defense was that the victim had consented to the sexual act. Accordingly, the Court finds that Lipinski's constitutional rights to defend himself and remain silent were not violated when Johnson's testimony was admitted only for impeachment purposes.

Further, the Court finds that the admission of Johnson's testimony for impeachment purposes did not negatively affect Lipinski's Fourteenth Amendment Due Process rights. As the Superior Court found:

> the substantive relevance of Johnson's testimony would have been so small as to make it *de minimus*. Johnson admittedly only spent 15 or 20 minutes in the company of [Lipinski] and [the victim]. This represents a tiny fraction of the overall period that [the victim] had [Lipinski] spent together and, within that framework, is very remote to the actual events taking place. . . .
>
> Consequently, the substance of the purported "agreement" would be of highly questionable relevance on the issue of [the victim's] consent as it does not speak to what transpired during the ensuring two hours and forty-five minutes.

Superior Court Memorandum, March 30, 2010, at 9 (ECF No. 5-7) (quoting from Brief for the Commonwealth at 12-13 (citations to record omitted in original)..

For these reasons, the Court concludes that there was no constitutional violation. However, assuming that there was a constitutional violation, the Court concludes that Lipinski has failed to show that such violation had a "substantial and injurious effect" on the fairness of his trial. Finding no merit to Lipinski's claim, his petition for writ of habeas corpus will be denied.

### D. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists of reason would not find it debatable that Lipinski's claim should be dismissed. Accordingly, a certificate of appealability will be denied.

### E. Conclusion

For all of the above reasons, the petition for a writ of habeas corpus will be denied. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated: March 6, 2017

cc:     MICHAEL R. LIPINSKI
        HS-4216
        S.C.I. Huntingdon
        P.O. Box 9999
        Huntingdon, PA 16652
        (via U.S. First Class Mail)


        Ronald M. Wabby , Jr.
        Office of the District Attorney
        (via ECF electronic notification)